UNITED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN IVERY BUTLER**        Case No:

    **Plaintiff**        8:22-cv-606-mSS-SPF

v.

**CITY OF TAMPA FLORIDA,**

    **Defendant**

_____/

SUBJECT MATTER JURISDICTION

18 US Code { 242
Title 28 U.S./C/A, Paragraph 453 42 U.S.C. 200 – e-56, 29 U.S.C. 2000 ff – 6, 29 U.S.C. 211. 42 U.S.C. 12117 Title 28.Paragraph 4.53, Article 3. Seven Amendments of the Constitution.

Remedy:
The Plaintiff John Ivery Butler is asking this Honorable court to investigate this case for conspiracy to defraud, discrimination, violating the Plaintiff's constitution rights. The Plaintiff is seeking justice and fairness. The plaintiff is seeking over $350,000 in Damages
Plaintiff is demanding trial by jury.



UNITED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN IVERY BUTLER**

    **Plaintiff**

v.

**CITY OF TAMPA FLORIDA,**

    **Defendant**

_____/

Case No:

8:22-cv-606-MSS-SPF

## JURISDICTION

COMES NOW the Plaintiff, JOHN IVERY BUTLER, acting as Pro se in this case, is filing this Complaint for negligence, misrepresentation, pain and suffering, denying due process, emotional and financial distress, conspiracy to defraud, lying and deception on the grounds therefore so stated.

1. That on November 16, 2016, I John Ivery Butler and three other gentlemen were walking on the sidewalk in Hyde Park, Plant and Platt Street, Tampa, Florida, at about 7:45 or 8:00 P.M.

2. It was dark outside and as I was walking I did not see a large beam sign lying across the sidewalk in front of me.

3. The gentlemen helped me get up and I went home thinking I was alright.

4. The next morning of November 17, 2016 I was in extreme pain and I went to St. Joseph's Hospital Emergency Room in Tampa, Florida. The doctor in the emergency room told me to go to my primary doctor if the pain persists.



5. I went to my primary doctor, Dr. Samar Musmar at Dedicated Senior Medical Center, 3128 E. Hillsborough Avenue. Tampa, Florida, (813) 579-1769. He immediately took X-rays of my body and found that I had sustained injuries to my shoulders, hips, neck, back, thighs, hands and stomach.

6. I contacted the City of Tampa, Florida and told them the date, time and location of the accident and how it occurred.

7. Soon after contacting the City of Tampa, they sent me a settlement agreement to sign and send it back. I did not know the severity of my injuries sustained at that time.

8. I contacted Morgan and Morgan Law Firm and told them what had happened and that the City of Tampa had sent me a settlement agreement and they took the case. After about three and a half years I received a letter stating that they wanted to go to trial and if I did not sign the affidavit they would close the case. I signed the affidavit and sent it back to their paralegal.

9. On November 16, 2020 I received another letter from Morgan and Morgan stating that I did not return the letter to them and they could not communicate with me.

10. I went into the office of Morgan and Morgan and was referred to Mr. James Castellano and he told me that his senior partners told him to drop the case. He also stated that the City of Tampa says that they are not at fault. I asked for my case file on November 25, 2020. I contacted the City of Tampa and notified them of my intent to sue.

WHEREFORE, the Plaintiff, John Ivery Butler, respectfully requests this Honorable Court to hear this case on its merits and other defendants know that they cannot alter a person's life to make the case go away. This method is unacceptable. To destroy a person's life because of their negligence is also unacceptable. Thank you for your time and effort in this matter

_____
John Ivery Butler, Pro se
P.O. Box 5947
Tampa, FL 33675
813-640-9490

## CERTIFICATE OF SERVICE

I hereby swear that a true and correct copy of the foregoing has been served by U.S. Marshals on this _____ day of _____, 2022. To the City OfTampa, Attorney office at 315 E. Kennedy Blvd, Tampa, Fl 33602

_____
John Ivery Butler, Pro se
P.O. Box 5947
Tampa, FL 33675
813-640-9490

CASE LAW

City of Palatka v. State, 440 So. 2d 1271.
Florida Supreme Court Appellee, 63003 Supreme Court

Sharp v. City of Palatka, 529 F Supp. 2d 1342
Case Text December 20, 2007, Middle District of Florida.
The duty to maintain the premise in a safe condition includes a reasonable care to learn of existence of any dangerous conditions on premises.

L Skipper v. Barnes Supermarket, 573 So. 2d 411 413 (Fla. 1st. DCA 1991).
This duty breached when the owner fails to make reasonable search of inspection with frequency and thoroughness of the inspections required to fulfill this duty on circumstances involved.

Winn Dixie Stores, Inc. v. Marcott 553 So. 2d 213, 215 (Fla. 5th. DCA 1989).
General negligence standard. Standard of care generally applicable cases applies in a Tort Case involving injuries on landowner premises if the injury is caused by the affirm conduct or affirmative negligence of the land as distinguished from condition of the premises.

Maldonado v. Jack M. Berry Groves Corp. 351 So.2d 967, 968 (Fla. 1977);
Hix v. Billen 284 So., 2d 209284 So. 2d 210, 214 Fla. 1973. See also Chapter 1, (Duty and Breach). An injured party's status as trespasser, licensee or invitee is irrelevant if the injury was caused not by the injury or condition of the premises, but solely by negligence of the owner. For example, in Florida East Coast Ry. v. Southeast Bank 585 So. 2d 314, 316, 317 (Fla. 4th DCA 1991), a child was injured while trying to cross over when a train was engaged in a switching operation. Operation was conducted in a negligent manner. The court struck the Defendant's affirmative defense of the trespasser. Affirming trial court ruling the Florida East Coast Railroad v. Southeast Bank 585 So. 2d 314, 316, 317, (Fla. 4th DCA 1991)
 9002.1. In general, a case of action for premise liability is not dependent on legal title or ownership, but rather on the failure of the party who is in actual possession or control to perform the legal duty.

Regency Lake Apts. v. French 590 So.2d 970, 974 (Fla. 1st DCA 1991)
If the person who does not own the property assumes control, he or she has the duty to exercise the requisite degree of care toward the various classes of persons who own the premises.

Valiente vs. R.J. Behar Co. 254 So.3d 544 (Fla. 3d DCA 2018) 9003 (4).
Liability for injuries on the sidewalks. The case law concerning a private landowner's liability for injuries that occurs as a result of defective sidewalk does not provide any definite rule of law. As a general rule, it can be that city governments are obligated to maintain sidewalks in a reasonably safe condition for pedestrians.
City of Miami vs. Wolff 112 So.2d 270, 271 (Fla. 3rd DCA 1959).
Under former law, repealed in 1973 (see Chapter 73-129 Florida Laws).

<u>Woods v. City of Palatka 63 So. 2d 636 (Fla. 1953)</u>.
The Florida Supreme Court found that the city did not enable landowner and was not liable for the injuries suffered by the Plaintiff, who fell into a hole in the sidewalk. The plaintiff sued the city, alleging that the city was negligent in performing its duty to maintain the sidewalks in a reasonable and safe condition and that it allowed the sidewalk to be in a dangerous state of repair. On appeal, the Florida Supreme Court noted that the city was relieved of duty to exercise reasonable care in keeping the sidewalks in a safe condition.

What the Defendants did was unethical, denying the Plaintiff due process, and the respect everyone should have under the law. I did nothing wrong except to be in the wrong place at the wrong time. I pray for justice.

WHEREFORE, the Plaintiff, John Ivery Butler, respectfully requests this Honorable Court (Judge) to hear this case on its merits.

_____
John Ivery Butler, Pro se
P.O. Box 5947
Tampa, FL 33675